| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Tory M. Pankopf (SBN 202581) <br><br> Law Offices of T M PANKOPF PLLC <br><br> 9460 Double R Blvd., Suite 104 <br><br> Reno, Nevada 89521 <br><br> (775) 384-6956 Tel <br><br> (775) 384-6958 Fax <br><br> tory@pankopfuslaw.com <br><br><br><br><br><br><br><br> ☐ Individual *appearing without an attorney* <br> ☒ *Attorney for:* Debtors | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>NORTHERN</u> DIVISION**

</div>

| In re: <br><br> WILLIAM BROCK THOENE and ROBERTA LYNN THOENE | CASE NO.: 14-11670 <br><br> CHAPTER 11 |
|---|---|
| | <div align="center">**CHAPTER 11 PLAN**<br>**DATED 10/20/2016**</div> |
| | <u>Confirmation Hearing/Status Conference</u><br>Date: October 27, 2016<br>Time: 1:30 pm<br>Courtroom:202<br>Address: 1415 State Street, Santa Barbara, CA |
| Debtor(s) | |

    This Chapter 11 Plan (Plan) proposes to restructure the financial affairs of the above-named Debtor(s) (collectively, Debtor). If confirmed, this Plan will bind all persons it provides for, whether or not they accept this Plan, object to confirmation, file a proof of claim or interest, or have their claims or interests allowed.

    **Voting:**  You may be entitled to vote on this Plan.  A Chapter 11 Disclosure Statement (Disclosure Statement) that accompanies this Plan explains the voting rules and provides additional information.

    **Caution:** *Your rights may be affected.  Read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)*

    **Effective date:** This Plan becomes effective (Effective Date) on the 15th day following the entry of a non-stayed and non-appealed confirmation order on the docket, or, if that is not a business day, then the next

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

business day.  *Exception:*  the Plan proponent may waive the condition that the confirmation order not be subject to a pending appeal.

**Definitions and rules of construction** are as set forth in the Bankruptcy Code (11 U.S.C. section (§) 101 and following) and in the Federal Rules of Bankruptcy Procedure (FRBP or Rules).  *See* §§ 101, 102 and 1101 and Rule 9001.  All exhibits to this Plan are considered part of this Plan but, in the event of any conflict between this Plan and its exhibits, the terms of this Plan control.

## ARTICLE I.  TREATMENT OF CLAIMS AND INTERESTS

**SUMMARY:**  Exhibit A to this Plan shows how claims and interests are treated, as qualified and explained below.

**A. Unclassified claims.**  Some claims are unclassified (because they cannot vote and, unless the claim holder agrees otherwise, their treatment is fixed by the Bankruptcy Code).  These claims include costs of administering this bankruptcy case (Administrative Claims), such as professionals' fees and expenses. Administrative Claims bar date:  The last day to file a request for payment of Administrative Claims is 28 days after the Effective Date or such other date as the court may order.

**B. Classified claims.**  All other claims and interests are separated into one of the following classes. Classes 1 and 2 are for claims "secured" by collateral – such as a mortgage/deed of trust (DOT), a secured car loan, or any other claim secured by a lien on property of the bankruptcy estate (Collateral).  Class 3 is for "priority" unsecured claims, class 4 is for general (nonpriority) unsecured claims, and class 5 is for "interests" (defined below).  All classes are divided into subclasses for each unique type of claim (class 1A, 1B, 2A, 2B, etc.).

**Class 1: Claims secured by principal residence.**  This class is reserved for claims secured *only* by real estate that is an individual Debtor's principal residence.  If you hold that type of claim then it cannot be modified by this Plan unless you consent.  *See* § 1123(b)(5).  (If Debtor is not an individual, or if there is no such claim, then class 1 should be left blank.)

**Class 2: Other secured claims.**  If you hold a secured claim that is not in class 1, then this Plan may propose to modify your claim, as specified in Exhibit A.  Modifications may include a new interest rate, a longer term for payment, etc., subject to limitations in the Bankruptcy Code.  If the dollar amount of your claim exceeds the value of the Collateral, then your claim may be split (bifurcated) into (1) a secured claim equal to that value (in this class 2) and (2) an unsecured claim for the remainder, sometimes called the "deficiency" claim (in class 4, unless it is allowed as a priority claim in class 3). *Exceptions:*

**(a) Disputed valuation.**  If you wish to dispute the bifurcation/estimated value of the Collateral provided in Exhibit A then you must file a timely objection to confirmation of this Plan.  *Note: Your opportunity to object is intended only as a safeguard: the Plan proponent should resolve all valuation issues before soliciting any votes on this Plan.  Valuation can be resolved by consent or by an order on a motion to value the Collateral.*

**(b) Sale.**  If this Plan provides for a sale of the Collateral, then you may credit bid the *full* dollar amount of your claim, unless the court orders otherwise (§ 1129(b)(2)(A)(ii)).

**(c) § 1111(b).**  If you make a timely election under § 1111(b) (per Rule 3014) then, (i) notwithstanding any other provisions of this Plan your secured claim will *not* be reduced to the value of the Collateral (it will not be bifurcated), (ii) you will lose any unsecured deficiency claim, and (iii) you may be paid over a longer time with a lower interest rate but with more dollars, resulting as nearly as possible in the *same estimated present value* as if you had not made the election.  The precise treatment is either included in the exhibits to the Plan and Disclosure Statement as an alternative or it will be provided as a supplement to this Plan at a time to be agreed upon between you and the Plan proponent, or as otherwise ordered by the court.  The election is complex - most creditors do not make it, and before doing so you should consult your attorney (if you do not have an attorney, you may wish to consult one).

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 2                                      **F 3018-1.CH11.PLAN**

**Class 3: Priority Claims.** A claim has "priority" if it is entitled to certain special treatment under § 507. For example, if Debtor owes you wages that you earned within 180 days before the bankruptcy petition was filed, then you may hold a priority claim for those unpaid wages.

**Class 4: General Unsecured Claims.** If you hold a claim that is not secured and is not entitled to priority, then you hold a general unsecured claim. This class is divided into two subclasses. Class 4A contains all general unsecured claims other than any small claims in Class 4B (claims below the dollar amount specified in <u>Exhibit A</u>) that, for convenience, are to be paid in full on the Effective Date (as permitted by § 1122(b)). (Exception: if there are any additional classes, which is rare, then they are listed on <u>Exhibit A</u>.) Claims in class 4A will be paid the following percentage of their allowed amounts:

☐ **estimated percentage: _____%**, but the *actual* percentage could be higher or lower depending on the total funds available and the total allowed claims – for example, if administrative, secured, or priority claims are larger than expected then the percentage paid to general unsecured claims will be lower. The stated *estimate* is calculated as follows: (1) the total estimated funds available for class 4A under this Plan divided by (2) the sum of all estimated allowed claims in class 4A.

**OR**

☒ **fixed percentage: 50%.** The percentage is fixed: this Plan is a commitment to pay this percentage regardless of future revenues, expenses, or the total allowed claims. If Debtor is unable to pay this percentage then that will be a default under this Plan.

*Only one of the above boxes should be checked.*

**Class 5** consists of "interests." If Debtor is an organization then "interests" means ownership interests (such as corporate stock, or a partner's interest in a partnership). If Debtor is an individual, then Debtor is the interest holder. This class will remain unchanged unless otherwise provided in the exhibits to the Plan and Disclosure Statement (*e.g.*, cancellation of existing interests, the dollar amount of any proposed "new value," who is required/permitted to provide such new value, and what they will receive in exchange.)

**C. Disputed claims or interests.** A claim or interest is Disputed if (1) an objection has been filed against it <u>or</u> (2)(a) it is not listed on Debtor's bankruptcy schedules, or it is listed as disputed, contingent, or unliquidated, and (b) no proof of claim or interest has been filed. *See* §§ 502(a), 1111(a). *Exception:* a claim or interest ceases to be Disputed once it is allowed by a final non-appealable order.

**D. Distributions.** Except as otherwise specified in this Plan, payments on each claim will be made on the first calendar day of each month (or other period specified in <u>Exhibit A</u>), in equal dollar amounts, starting with the month following the Effective Date, and continuing for the period specified in <u>Exhibit A</u>. A separate, interest-bearing bank account (Claims Reserve) will hold distributions for any claims that cannot be paid until they are allowed by court order, such as professional fees or Disputed claims (Reserved Claims). The Disbursing Agent (defined below) is required to reserve enough funds/assets to pay the distributions that each Reserved Claim will be entitled to receive if it is allowed in full (unless the court approves a different amount). *Distribution of unclaimed or excess funds:* To the extent that (1) Debtor has been unable to deliver distributions, and they remain unclaimed for at least 21 days after at least one good faith attempt to correct any incorrect address and redeliver them, or (2) a Reserved Claim is disallowed by final order, then, unless otherwise ordered by the court, the funds that had been reserved for such claim will be distributed (a) as provided in this Plan to other creditors of the same class or (b) to Debtor if (i) this box is checked ☐ and (ii) as to disallowed claims, it is Debtor who obtained such disallowance.

**E. Settlement.** Debtor will have the power and authority to settle or compromise any claim by or against Debtor, subject to notice and court approval under Rule 9019 for as long as the court retains jurisdiction,

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 3018-1.CH11.PLAN**

except that for any claims *against* Debtor no notice or court approval is necessary if the allowed amount of such claim under the settlement or compromise will be less than $1000.00.

## ARTICLE II.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, Debtor's "executory" contracts (described in the Disclosure Statement) and unexpired leases will be (a) assumed (*i.e.,* cured and reinstated) as obligations of the reorganized Debtor, or (b) assumed and then instantaneously assigned, or (c) rejected, all as stated in the attached Exhibit B.  Any executory contract or unexpired lease that is not listed on Exhibit B will be deemed rejected.  *Exception:*  if this box is checked ☒ then any such unlisted contract or lease will be deemed assumed. The order confirming this Plan will constitute an order approving this paragraph's treatment of executory contracts and unexpired leases.

**Rejection bar date.**  Any claim arising from the rejection of an executory contract or unexpired lease under the immediately preceding paragraph must be filed by the later of (1) the general bar date for claims or (2) 28 days after the date of the order confirming this Plan.  Rejection claims are general unsecured claims in class 4, unless the claim is allowed as a priority claim in class 3.

## ARTICLE III.  MEANS OF IMPLEMENTATION

**Funding.**  This Plan will be funded as explained in the exhibits to the Disclosure Statement.  All transfers of property under this Plan shall be made in accordance with any applicable provisions of nonbankruptcy law to the extent required by § 1129(a)(16).

The Disbursing Agent shall be Debtor, who shall serve without bond or compensation but shall be entitled to reimbursement of reasonable expenses by applying to the court no more frequently than once every three months.

***The following paragraph does not apply to individual Debtors:***  (1) Regulated rates.  To the extent that the foregoing funding depends on regulatory approval of rates charged by Debtor, governmental approval of such rates must be obtained prior to or upon confirmation of this Plan (as required by § 1129(a)(6)). (2) Corporate charter.  Debtor's corporate charter must be amended to include a provision prohibiting the issuance of nonvoting equity securities and providing an appropriate distribution of voting power among any classes of securities (as required by § 1123(a)(6)).  The precise amendments to the corporate charter must be attached to the Disclosure Statement as an exhibit.  (3) Post-Effective Date management.  Exhibits to the Disclosure Statement also must disclose (as required by § 1129(a)(5)) all individuals proposed to serve, after confirmation of this Plan, as director, officer, or voting trustee of Debtor (or an affiliate of Debtor participating in a joint plan with Debtor, or any successor to Debtor under this Plan), as well as all insiders who will be employed or retained by Debtor, including such individual's name, proposed compensation, job description, affiliation to Debtor, and qualifications.

## ARTICLE IV.  DISCHARGE; EFFECTS OF CONFIRMATION

**A. Discharge.**  Debtor shall receive a discharge of debts to the extent and at the time provided in § 1141(d), whether or not a party in interest has filed a proof of claim or interest, or accepts this Plan, unless the court orders otherwise.

***The following paragraph only applies to Debtors who are individuals:***  Pursuant to § 1141(d)(5), Debtor will not be discharged from any debts unless and until (1) Debtor completes all payments "under" the Plan and obtains an order of the court granting a discharge (§ 1141(d)(5)(A)&(C)) – for purposes of this Plan payments that extend beyond the Plan Term stated in Exhibit A are not considered payments "under" the Plan (*e.g.,* if the Plan Term is 5 years then Debtor will be eligible for a discharge under this clause if 5 years of payments are made, but the debtor will remain obligated on obligations that extend beyond the Plan Term, such as a 30-year mortgage); (2) the court grants a limited ("hardship") discharge (§ 1141(d)(5)(B)&(C)); or (3) the court "orders otherwise for cause" (§ 1141(d)(5)(A)&(C)).  Notwithstanding the other terms of this paragraph, a discharge will not discharge Debtor from any debts that are nondischargeable under § 523 (except as provided in Rule 4007(c)) or the obligations created by this Plan.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 4                                        **F 3018-1.CH11.PLAN**

**B. Vesting of Property.** On the Effective Date, all property of the bankruptcy estate will vest in the reorganized Debtor pursuant to § 1141(b) & (c), free and clear of all claims and interests except as otherwise provided in this Plan.

**C. Plan Creates New Obligations.** Except as otherwise provided in this Plan, (1) the payment terms promised in this Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations *other than* those new payment terms continue to apply. For example, (1) this Plan does not modify any obligations to insure collateral, and (2) if the Plan only addresses arrears for a particular claim, then the regular payments will be made as they come due based on the governing loan documents and, except with respect to curing the arrearages, the Plan does not alter the legal equitable, or contractual rights of the holder of that claim (unless otherwise provided with respect to a specific claim or Class of claims).

**D. Actions Restrained.** Creditors, interest holders and other parties in interest may not take any action to enforce preconfirmation obligations, or any obligations due under this Plan, so long as Debtor is not in material default under this Plan (as defined below). If Debtor is in material default under this Plan, then any party in interest may: (1) take any action permitted under nonbankruptcy law either (a) to enforce the terms of this Plan as a contract of Debtor or (b) to pursue nonbankruptcy remedies including collection of the entire nondischarged dollar amount of any claim held by such person, or (2) if this case is still pending, move to dismiss this case or to convert this case to one under chapter 7, or seek other relief from the bankruptcy court. If this case is converted to chapter 7 at any time, then property will revest in the chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the court during this case.

**E. Material Default Defined.** If Debtor (1) fails to make any payment required under this Plan, or (2) fails to perform any other obligation required under this Plan for more than 14 days after the time specified in this Plan, or (3) performs any act that is inconsistent with the terms of this Plan, then any affected creditor, interest holder, or other party in interest may file and serve upon Debtor and Debtor's attorney (if any) a written notice of default at their most recent address(es) listed in this case. Debtor is in material default under this Plan if Debtor fails within 21 days after service of that notice of default, plus an additional 3 days if served by mail, either to cure the default or obtain from the court an extension of time to cure the default or a determination that no material default occurred. Notwithstanding the other provisions of this paragraph, to the extent that Debtor has assumed an executory contract or unexpired lease, or to the extent that a creditor retains a lien under this Plan that was a consensual lien, the default provisions of that contract, lease, or lien documentation govern what constitutes a default for purposes of the rights and remedies thereunder, all subject to applicable nonbankruptcy law and any exceptions set forth in this Plan.

## ARTICLE V.  GENERAL PROVISIONS

**A. Modification of Plan.** The Plan proponent may modify this Plan at any time before confirmation, subject to § 1127 and Rule 3019(a), but in that event the court may require a new disclosure statement and/or revoting on the Plan. The Plan proponent or the reorganized Debtor also may seek to modify this Plan at any time *after* confirmation (1) if this Plan has not been substantially consummated and (2) if the court authorizes the proposed modifications after notice and a hearing (§ 1127(b)). In addition, if Debtor is an individual then Debtor or other persons may seek to modify this Plan after confirmation pursuant to § 1127(e).

**B. Cramdown.** The Plan proponent reserves the right to seek confirmation notwithstanding the rejection of this Plan by one or more classes of creditors or interest holders, pursuant to § 1129(b).

**C. Governing Law and Binding Effect.** Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Rules), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. The rights and obligations of any entity named or referred to in this Plan shall be binding upon and shall inure to the benefit of the successors and assigns of such entity.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 5                                    **F 3018-1.CH11.PLAN**

**D. Quarterly Fees.**  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with that statute until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**E. Closing Case, and Post-Confirmation Status Report.**  As soon as practicable under Rule 3022, the Plan proponent shall file a motion with the court to obtain a final decree to close this bankruptcy case, unless good cause is shown to keep this case open.  As long as this case is not closed, the Plan proponent must file status reports every 120 days explaining what progress has been made toward substantial consummation of the confirmed Plan.  The status report must be served on the United States Trustee, the official creditors' committee (or, if none, then the twenty largest general unsecured creditors), and those parties who have requested special notice.

**F. Retention of Jurisdiction.**  After confirmation, the court retains and may exercise jurisdiction over proceedings concerning:  (1) whether Debtor is in material default under this Plan, (2) whether the time for performing any Plan obligation should be extended, (3) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan or in the Disclosure Statement to be filed with the court, (4) whether the case should be dismissed or converted to one under chapter 7, (5) any proceedings to allow or disallow claims or administrative expenses (the court will not review professional fees incurred after the Effective Date, unless otherwise stated in attached exhibits to the Plan or Disclosure Statement), (6) settlements or compromises under Rule 9019, (7) any proceedings under §§ 110, 329, or 362, or regarding sanctions, and (8) any other proceedings, whether or not commenced or contemplated as of the Effective Date, regarding the implementation, interpretation, or enforcement of this Plan or the administration of the

bankruptcy case or estate.  This retention of jurisdiction, however, will end on the later of (a) ___ year(s) (if blank, then two years) after the Effective Date, (b) as to any then-pending adversary proceeding or contested matter, when it is finally resolved by a judgment or order, or (c) as to an individual Debtor's discharge, when that discharge is granted or denied by final order.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 6                                **F 3018-1.CH11.PLAN**

| Signature: _____ Debtor or other Plan proponent | Printed name of signer: Brock Thoene |
|---|---|
| | Organization (if applicable): _____ |
| Date: 10/20/2016 | Title (*e.g.*, President): _____ |
| Signature: s/TORY M PANKOPF _____ Attorney (if any) for Plan proponent | Printed name of signer: Tory M Pankopf |
| | Law firm: T M Pankopf PLLC |
| Date: 10/20/2016 | |

**Attorney Certification** (subject to what the judge may permit/require, this form is not mandatory, but if it is used then it and its exhibits must not be altered without disclosure/authorization as provided below):

I, the undersigned, am legal counsel for the above-referenced Plan proponent, and I hereby certify the following:  (1) this Plan, including the attached exhibits A & B, are true and correct copies of the latest versions of the LBR form plan and exhibits approved for use by the United States Bankruptcy Court for the Central District of California; (2) modifications have been made as directed or permitted by written order (docket no. ____) (or, if the presiding judge permits, by other authorization such as oral approval by the court on the record – specify: _____); and (3) no other alterations or modifications to any provision of such form Plan have been made except as shown by a "redlined" version of this Plan (docket no. ____) or described as follows:

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 10/20/2016    Signature: s/TORY M PANKOPF  , Printed name: Tory M Pankopf.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                                    F 3018-1.CH11.PLAN

| Signature: _Roberta C. Thoene_ (signature) <br><br> Debtor or other Plan proponent <br><br> Date: _10/20/2016_ | Printed name of signer: Roberta Thoene <br><br> Organization (if applicable): _____ <br><br> Title (*e.g.*, President): _____ |
| --- | --- |
| Signature: _s/TORY M PANKOPF_ <br><br> Attorney (if any) for Plan proponent <br><br> Date: _10/20/2016_ | Printed name of signer: Tory M Pankopf <br> Law firm: T M Pankopf PLLC |

**Attorney Certification** (subject to what the judge may permit/require, this form is not mandatory, but if it is used then it and its exhibits must not be altered without disclosure/authorization as provided below):

I, the undersigned, am legal counsel for the above-referenced Plan proponent, and I hereby certify the following: (1) this Plan, including the attached exhibits A & B, are true and correct copies of the latest versions of the LBR form plan and exhibits approved for use by the United States Bankruptcy Court for the Central District of California; (2) modifications have been made as directed or permitted by written order (docket no. ___) (or, if the presiding judge permits, by other authorization such as oral approval by the court on the record – specify: _____); and (3) no other alterations or modifications to any provision of such form Plan have been made except as shown by a "redlined" version of this Plan (docket no. ___) or described as follows:

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _10/20/2016_    Signature: _s/TORY M PANKOPF_    , Printed name: Tory M Pankopf.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                     Page 7                     **F 3018-1.CH11.PLAN**

# PROOF OF SERVICE OF DOCUMENT

I am 18 years old or older and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9460 Double R Boulevard, Suite 104, Reno Nevada

A true and correct copy of the foregoing document entitled: **CHAPTER 11 PLAN DATED 10/20/2016** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/20/2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached ECF Service List

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) 10/21/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman, United States Bankruptcy Court, Central District of California,
Roybal Federal Building, 255 E. Temple Street, Suite 1334, Los Angeles, CA 90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

October 20, 2016 _____          /s/ TORY M PANKOPF_____
*Date*                          *Printed Name*                                        *Signature*

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 8                                **F 3018-1.CH11.PLAN**

## ECF SERVICE LIST

Greg P Campbell on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Christina J O on behalf of Attorney Federal National Mortgage Association
christinao@mclaw.org, erica@mclaw.org

Cassandra J Richey on behalf of Interested Party Courtesy NEF
cmartin@pralc.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

Melissa A Vermillion on behalf of Creditor Wilmington Savings Fund Society, FSB, doing business as
Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13BTT
cmartin@pralc.com

Darlene C Vigil on behalf of Interested Party Courtesy NEF
cdcaecf@bdfgroup.com

| Brock & Roberta Thoene | EXHIBIT A-Treatment of Claims / Interests | | Periodic Payments [e.g., every mo. x 60 mos.] | 14-11670 |
|---|---|---|---|---|

| Class | Impaired? Y/N | Short Description | Endnotes (Ex.H) / code | Estimated Claim(s) | Claim % to be Paid | $ On Effective Date (projected 12/01/16) | Every [ ] month(s) | Term (e.g., 60 mos.) | Interest Rate | Amortizing Payments | Equivalent $ on Monthly Basis | $ At End of Term (Balloon Payment) | Totals, Including Ex.A1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | US Trustee Fees | | $ 625.00 | 100.0% | $ 625.00 | | | | | | | $ 625.00 |
| | | Tax § 507(a)(8) | | | 100.0% | $ - | 1 | | % | $ - | $ - | | $ - |
| | | Tax § 507(a)(8) | | | 100.0% | $ - | 1 | | % | $ - | $ - | | $ - |
| | | Debtor's attorney | | $ 95,000.00 | 100.0% | $ 70,000.00 | 1 | | 10.00% | $ 1,487.29 | $ 1,487.29 | $ - | $ 89,237.00 |
| | | Debtor's accountant /FA | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | | $ - |
| 1A | N | Home, 1st DOT arrears | | $ 86,360.94 | 100.0% | 86,360.94 | 1 | | % | $ 1,439.35 | $ 1,439.35 | $ - | $ 86,361.00 |
| 1B | | Home, 2d DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 1C | | Home, 3d DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2A | Y | Wilmington Savings Fund | 2A | $ 241,798.15 | 100.0% | $ - | 1 | 119 | 6.00% | $ 2,700.95 | $ 2,700.05 | $ - | 321,413.00 |
| 2B | Y | Jess Thoene | 2B | $ 144,304.00 | 100.0% | $ - | 1 | 180 | 3.50% | $ 1,031.60 | $ 1,031.60 | $ - | 185,688.00 |
| 2C | Y | Wells Fargo Bank, N.A. | 2C | $ 1,291,564.00 | 100.0% | $ - | | | | | | | |
| 3A | Y | Priority § 507(a) (1)(A/B) | 3A | $ 106,855.23 | 100.0% | $ - | 1 | 96 | 3.00% | $ 1,253.37 | $ 1,253.37 | $ - | 120,323.00 |
| 3B | | Priority § 507(a) | | $ - | 100.0% | $ - | | | % | $ - | $ - | $ - | $ - |
| 4A | Y | General unsecured (Ex.F) | 4A | $ 57,173.00 | 50.2% | $ - | 1 | 120 | % | $ 239.00 | 239.00 | $ - | 28,680.00 |
| 4B | | Pay 100% up to  $    - | | $ - | 100.0% | $ - | | | | | | | $ - |
| 5A | | | | | | $ - | ← Any "new value" must be *negative* (payment is *to estate*) | | | | | | $ - |

↓ **Extra Rows** (more classes, or unclassified claims).   **Class 1** ="principal residence" secured,  **2** =other secured,  **3** =priority,  **4** =general unsecured,  **5** =interests

| Class | Impaired? Y/N | Short Description | Endnotes / code | Estimated Claim(s) | Claim % to be Paid | $ On Effective Date | Every month(s) | Term | Interest Rate | Amortizing Payments | Equivalent $ on Monthly Basis | $ At End of Term | Totals, Including Ex.A1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | $ - | 100.0% | $ - | 1 | | | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | | | % | $ - | $ - | $ - | $ - |
| | | Ex.A-ContinuationSheet (if any) | | $ 573,211.00 | | $ - | | | | $ 1,193.54 | $ - | | $ 429,674.00 |
| | | Ex.B totals (§ 365) (if any) | | $ - | 100.0% | $ - | 1 | | % | | $ - | | $ - |
| | | **GRAND TOTALS** | | $ 2,596,891.32 | | 156,985.94 | | | | $ 9,345.00 | $ - | | $ 1,262,001.00 |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Brock & Roberta Thoene | EXHIBIT A-Treatment of Claims / Interests | | | | Periodic Payments [e.g., every mo. x 60 mos.] | | | | | | 14-11670 |

| Class | Impaired? Y/N | Short Description | Endnotes (Ex.H) | Estimated Claim(s) | Claim % to be Paid | $ On Effective Date (projected 12/01/16) | Every [ ] month(s) | Term (e.g., 60 mos.) | Interest Rate | Amortizing Payments | Equivalent $ on Monthly Basis | $ At End of Term (Balloon Payment) | Totals, Including Ex.A1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **EXHIBIT A-Continuation Sheet** | | | | | | | | | | | | | |
| 2D | Y | Wells Fargo Bank, N.A. | 2C | $ 311,611.00 | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2E | Y | Glenbrook Water Coop | 2C | $ 11,600.00 | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2F | Y | Wells Fargo Bank N.A. | 2D | $ 250,000.00 | 100.0% | $ - | 1 | 360 | 4.00% | $ 1,193.54 | $ 1,193.54 | $ - | $ 429,673.77 |
| 2G | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2H | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2I | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2J | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2K | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| **TOTALS (this page only)** | | | | $ 573,211.00 | | $ - | | | | $ 1,193.54 | $ - | $ 429,673.77 | |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | | Brock & Roberta Thoene | EXHIBIT A1 - Variable Payments ("Step up" / "Step down") if any | 14-11670 |

| Class | Short Description | Period A: $/mo., for 12 Months | Period B: $/mo. next 48 mos. (to mo. 60) | Period C: $/mo. next 36 mos. (to mo. 96) | Period D: $/mo. next 24 mos. (to mo. 120) | Period E | Period F | $/mo. After Last Period | Total Ex.A1 Payments |
|---|---|---|---|---|---|---|---|---|---|
| | Tax § 507(a)(8) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | Tax § 507(a)(8) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | Debtor's attorney | $ 1,487.29 | $ 1,487.29 | $ - | $ - | $ - | $ - | $ - | $ 89,237.40 |
| | Debtor's accountant /FA | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 1A | Home, 1st DOT arrears | $ 1,439.35 | $ 1,439.35 | $ - | $ - | $ - | $ - | $ - | $ 86,361.00 |
| 1B | Home, 2d DOT arrears | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 1B | Home, 3d DOT arrears | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2A | Wilmington Savings Fund | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2B | Jess Thoene | $ - | $ 1,031.60 | $ 1,031.60 | $ 1,031.60 | $ - | $ - | $ 1,031.60 | $ 185,688.00 |
| 2C | Wells Fargo Bank, N.A. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 3A | Priority § 507(a)    (1)(A/B) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 3B | Priority § 507(a) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 4A | General unsecured (Ex.F) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | | | | | | | | |
| 5A | | $ - | $ - | $ - | $ - | $ - | | | $ - |
| ↓ Extra Rows (more classes) | | | | | | | | | |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Ex.A1-ContinuationSheet (if any) | | $ - | $ - | $ - | $ - | $ - | $ - | | $ - |
| Ex.B "Promptly After" Effective Date | | $ - | $ - | $ - | $ - | $ - | $ - | | $ - |
| TOTAL Variable Payments | | $ 2,926.64 | $ 3,958.24 | $ 1,031.60 | $ 1,031.60 | $ - | $ - | | $ 361,286.00 |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June, 2014

F 3018-1.CH11.PLAN-DS.EXHIBITS

| Brock & Roberta Thoene | EXHIBIT A1 - Variable Payments ("Step up" / "Step down") if any | | | | | | | | 14-11670 |

| Class | Short Description | Period A: $/mo., for 12 Months | Period B: $/mo., next 48 mos. (to mo. 60) | Period C: $/mo., next 36 mos. (to mo. 96) | Period D: $/mo., next 24 mos. (to mo. 120) | Period E | Period F | $/mo. After Last Period | Total Ex.A1 Payments |
|---|---|---|---|---|---|---|---|---|---|
| **Ex.A1-Continuation Sheet** | | | | | | | | | |
| 2D | Wells Fargo Bank, N.A. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2E | Glenbrook Water Coop | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2F | Wells Fargo Bank N.A. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2G | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2H | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2I | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2J | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2K | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| TOTALS (this page only) | | $ - | $ - | $ - | $ - | $ - | $ - | | $ - |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June, 2014*

**F 3018-1.CH11.PLAN-DS.EXHIBITS**

| Brock & Roberta Thoene | | | | EXHIBIT B: Executory Contracts & Unexpired Leases. | | | | | 14-11670 |

| Name(s) / Description | Endnotes (Ex.H)  A=Assume, AA=Assume & Assign, R=Reject | Cure Amount | Compensation for Actual Pecuniary Loss | Total Claims | Payment on Effective Date (usually 100%) | Payment "Promptly" After Effective Date (usually none) | "Promptly" = [_] days  Payment Total |
|---|---|---|---|---|---|---|---|
| Alamo Self Storage | A | $          - | $          - | $          - | $          - | $          - | $          - |
| Main Mini Storage | A | $          - | $          - | $          - | $          - | $          - | $          - |
| Mid-State Properties | A | $          - | $          - | $          - | $          - | $          - | $          - |
| Harris Personal Injury Lawyers, Inc. | A | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
|  |  | $          - | $          - | $          - | $          - | $          - | $          - |
| TOTALS: |  | $          - | $          - | $          - | $          - | $          - | $          - |

**Instructions to Plan proponent**: (1) Quick start: Copy applicable data from bankruptcy Schedules G & F (adjust if appropriate).  List any assignee under "Description."
(2) Assumption/assignment requires: (a) cure amount (arrears, except certain penalties) and (b) compensation for "actual pecuniary loss" (damages), if any (§ 365(b)(1))
(3) Rejection: leave dollar amounts blank on this exhibit and include any timely rejection damages claims on Exhibit F (general unsecured claims) (§ 502(g)).

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.