Jonathan C. Cahill (SBN 287260)
jcahill@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7717
Facsimile: (619) 590-1385

Attorneys for *Secured Creditor*
Wells Fargo Bank., N.A.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA BARBARA DIVISION

| | |
|---|---|
| In re<br><br>WILLIAM BROCK THOENE AND ROBERTA LYNN THOENE,<br><br>            Debtors. | Case No.  9:14-bk-11670-DS<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**S<small>UBJECT</small> P<small>ROPERTY</small>**<br>109 China Garden Circle<br>Glenbrook, Nevada 89413 |

      This Stipulation Re: Treatment of Creditor's Claim under Debtors' Chapter 11 Plan of Reorganization (the "Stipulation") is entered into by and between Wells Fargo Bank., N.A. (the "Creditor"), by and through its attorneys of record, Aldridge Pite LLP, and William Brock Thoene and Roberta Lynn Thoene (collectively the "Debtors"), by and through their attorney of record, Tory M. Pankopf.

      On June 21, 2006, Debtors obtained a mortgage loan (the "Loan") from Wells Fargo Bank, N.A., in the original principal amount of $1,000,000.00, which was reflected in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 109 China Garden Circle, Glenbrook, Nevada 89413 (the "Subject Property").  The Deed of Trust was duly recorded in the Official Records of Douglas County, Nevada.

/././

On August 4, 2014, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Central District of California – Santa Barbara Division, and were assigned bankruptcy case number 14-11670.

On December 10, 2014, Creditor filed a Proof of Claim reflecting its secured claim in the amount of $1,231,550.36 with pre-petition arrears in the amount of $262,360.49.

**THE PARTIES HEREBY STIPULATE TO THE FOLLOWING:**

**Creditor's Rights Remain Unchanged.**

1. Debtor will surrender the above collateral upon confirmation of the Plan. To the extent the automatic stay of 11 U.S.C. §362(a) has not already terminated, the confirmation order will constitute an order for relief from the automatic stay. Any secured claim will be satisfied in full through the surrender of the Subject Property. Creditor shall retain its interest in the collateral (i.e., its claim is not impaired and Creditor is not entitled to vote on confirmation of the Chapter 11 Plan of Reorganization).

2. The Debtors shall have 90 days from the date of entry of the confirmation order to pursue any potential sale of the Subject Property. The Debtors shall allow reasonable access to the Subject Property to allow Creditor to conduct a full interior appraisal in connection therewith.

3. Should the Debtors fail to consummate a sale of the Subject Property within 90 days from the date of entry of the confirmation order, Creditor may pursue its state law remedies without further notice or order of the Court.

4. The terms of this Stipulation shall constitute the complete and entire treatment of Creditor's Claim and may not be modified, altered, or changed by the Chapter 11 plan, any confirmation order thereon, any subsequently filed amended Chapter 11 plan of reorganization and confirmation order thereon or any modification thereof without the express written consent of the Creditor. The above terms of this Stipulation shall be deemed incorporated into the plan and/or any subsequently filed amended Chapter 11 plan of reorganization. The confirmation order shall expressly incorporate the terms of this Stipulation by reference to its docket number and attach a copy of this Stipulation as an exhibit to the disclosure statement and confirmation

1  order.  The Debtor's failure to comply with this provision shall constitute a default under the terms of the Stipulation.  In the event of a conflict between this Stipulation and Debtor's Chapter 11 Plan, confirmation order or any amendments or modifications thereof, the terms of this Stipulation shall control.

5.  In the event Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, the terms of this Stipulation shall no longer be in effect, and the automatic stay shall be terminated without further notice, order or proceeding of the Court.

6.  Creditor agrees it will cast its vote as a secured creditor to accept the Chapter 11 Plan.

7.  The Parties request the Court approve the Stipulation.

**IT IS SO STIPULATED:**

Dated: 12/16/2016     s/Tory M. Pankopf
                     TORY M. PANKOPF
                     Attorney for Debtors


Dated: 12/16/2016     s/Jonthan C. Cahill
                     JONATHAN C. CAHILL
                     Attorney for Creditor