1  Jonathan C. Cahill (SBN 287260)
   jcahill@aldridgepite.com
2  Todd S. Garan (SBN 236878)
   tgaran@aldridgepite.com
3  **ALDRIDGE PITE, LLP**
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92177-0933
5  Telephone: (858) 750-7600
   Facsimile:  (619) 590-1385
6
7  Attorneys for  *Secured Creditor*
   Wells Fargo Bank, N.A.

8

9              **UNITED STATES BANKRUPTCY COURT**

10    **CENTREAL DISTRICT OF CALIFORNIA – SANTA BARBARADIVISION**

11 | In re | Case No. 14-bk-11670-DS
12 | WILLIAM BROCK THOENE AND | Chapter 11
   | ROBERTA LYNN THOENE , |
13 | | **STIPULATION RE: TREATMENT OF**
   | | **WELLS FARGO BANK, N.A.'S CLAIM**
14 | Debtors. | **UNDER CHAPTER 11 PLAN OF**
   | | **REORGANIZATION**
15 |
16 | | **SUBJECT PROPERTY**
   | | 965 Morro Ave #F
17 | | Morro Bay, CA  93442
18 | | **DISCLOSURE STATEMENT HEARING:**
   | | DATE:                      December 22, 2016
19 | | TIME:                      1:30 PM
   | | CTRM:          202
20

21         This Stipulation Re: Treatment of Wells Fargo Bank, N.A.'s Claim Under the Proposed

22  Chapter 11 Plan of Reorganization (the "Stipulation") is entered into by and between Secured

23  Creditor, Wells Fargo Bank, N.A. ("Creditor"), by and through its attorneys of record, Aldridge

24  Pite, LLP, and William Brock Thoene and Roberta Lynn Thoene , the Debtors  herein (the

25  "Debtors"), by and through their attorneys of record, Tory M. Pankopf.

26         The property which is the subject of this matter is commonly known as 965 Morro Ave

27  #F, Morro Bay, CA  93442 (hereinafter the "Subject Property").

28  /././

**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER CHAPTER 11
PLAN OF REORGANIZATION**

-1-

On or about June 6, 2007, Debtors for valuable consideration, made, executed and delivered to Creditor a Promissory Note in the principal sum of $200,000.00 (the "Note"). Pursuant to the Note, the Borrowers are obligated to make monthly principal and interest payments. The Note is endorsed and payable in blank.

On or about June 6, 2007, Debtors made, executed and delivered to Creditor a Deed of Trust (the "Deed of Trust") granting WSB a security interest in the Subject Property, which is more fully described in the Deed of Trust. The Note and Deed of Trust shall be collectively referred to as the "Claim".

On or about August 4, 2014, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned bankruptcy case no. 14-bk-11670-DS.

**THE PARTIES STIPULATE AS FOLLOWS:**

1.    Creditor shall have a secured claim in the amount of $282,792.54 (the "Secured Claim") amortized over thirty (30) years, at a fixed rate of 5.5%.

2.    Debtors shall tender regular monthly payments of principal and interest in the sum of $1,605.66 on the first of each month to Creditor for the Secured Claim commencing January 1, 2017, and continuing until December 1, 2046, when all such outstanding amounts under the Secured Claim are to be paid in full.

3.    In addition to the principal and interest payments described in paragraph 2 of this Stipulation, Debtors shall tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor. Debtors shall tender the necessary escrow payments together with the regular monthly mortgage payments described in paragraph 2 above. The Debtors' escrow payment is subject to change.

4.    Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust, which are incorporated herein by this reference, shall govern the treatment of Creditor's Claim.

5.    In the event of any future pre-confirmation default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via first class mail to Debtors at 1961 Costa Brava Drive, Pismo Beach, CA 93449 and to Debtors' attorney of

**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER CHAPTER 11 PLAN OF REORGANIZATION**

1    record, provided the Debtors' bankruptcy remains active, Tory M. Pankopf at 9640 Double R

2    Blvd #104, Reno NV 89521, indicating the nature of default.  If Debtors fails to cure the default

3    with certified funds after passage of ten (10) calendar days from the date said written notice is

4    placed in the mail, then the Automatic Stay shall terminate and Creditor may proceed to

5    foreclose its security interest in the Subject Property under the terms of the Note and Deed of

6    Trust and pursuant to applicable state law and thereafter commence any action necessary to

7    obtain complete possession of the Subject Property without further notice, order, or proceeding

8    of this Court.  This provision shall only be effective prior to confirmation of a Chapter 11 Plan.

9    Upon confirmation of Debtors' Plan, the automatic stay shall terminate automatically as a matter

10    of law and in the event of a post-confirmation default on any of the above-described provisions,

11    inclusive of this Stipulation, Creditor may proceed to foreclose its security interest in the Subject

12    Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and

13    thereafter commence any action necessary to obtain complete possession of the Subject Property

14    without further notice, order, or proceeding of this Court.

15          6.     The acceptance or rejection by Creditor of a late or partial payment shall not act

16    as a waiver of Creditor's right to proceed hereunder.

17          7.     In the event that Creditor is granted relief from the automatic stay, the parties

18    hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

19          8.     In the event the Debtors default under this Stipulation and Creditor forwards a 10-

20    day default letter to Debtors, Debtors shall be required to pay Creditor's attorneys' fees and costs

21    incurred for each default letter submitted, in addition to the default amount stated therein, in

22    order to cure the default.  Any notice of default that Creditor provides Debtors and/or Debtors'

23    attorneys pursuant to this Stipulation shall not be construed as a communication under the Fair

24    Debt Collection Practices Act, 15 U.S.C. §1692.

25          9.     At the request and discretion of the Creditor, Debtors shall execute such

26    documents and instruments as are necessary to reflect the Debtors as the borrower of the Secured

27    Claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

28          10.    The terms of this Stipulation shall constitute the complete and entire treatment of

**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER CHAPTER 11
PLAN OF REORGANIZATION**

1    Creditor's Claim and may not be modified, altered, or changed by the Chapter 11 plan, any

2    confirmation order thereon, any subsequently filed amended Chapter 11 plan of reorganization

3    and confirmation order thereon or any modification thereof without the express written consent

4    of the Creditor.  The above terms of this Stipulation shall be deemed incorporated into the plan

5    and/or any subsequently filed amended Chapter 11 plan of reorganization.  The confirmation

6    order shall expressly incorporate the terms of this Stipulation by reference to its docket number

7    and attach a copy of this Stipulation as an exhibit to the disclosure statement and confirmation

8    order.  The Debtors' failure to comply with this provision shall constitute a default under the

9    terms of the Stipulation. In the event of a conflict between this Stipulation and Debtors' Chapter

10   11 Plan, confirmation order or any amendments or modifications thereof, the terms of this

11   Stipulation shall control.

12           11.     In the event Debtors' case is dismissed or converted to any other chapter under

13   Title 11 of the United States Bankruptcy Code, the terms of this Stipulation shall no longer be in

14   effect, and the automatic stay shall be terminated without further notice, order or proceeding of

15   the Court.

16           12.     In the event the Debtors asserts Creditor has failed to properly update its system

17   to comply with the terms of this Stipulation within a reasonable period of time after an order is

18   entered confirming the Debtors' Chapter 11 plan of reorganization, which shall be no less than

19   ninety (90) days, the Debtors shall be required to provide written notice of the alleged lack of

20   compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP, at 4375 Jutland

21   Drive, Suite 200, San Diego, CA 92177, as well as electronically at jcahill@aldridgepite.com

22   and ecfcanb@aldridgepite.com, indicting the nature of the alleged lack of compliance. If

23   Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation

24   refuting the Debtors' allegation after the passage of ninety (90) days from the date Creditor

25   receives said written notice (the "Meet and Confer Period") Debtors may proceed with filing the

26   appropriate motion in bankruptcy court seeking Creditor's compliance.  However, provided

27   Creditor has in good faith sought to remedy Debtors' grievance during the Meet and Confer

28   Period, Debtors shall not request nor be entitled to an award of their attorneys' fees and costs as

**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER CHAPTER 11
PLAN OF REORGANIZATION**

1   a result of filing said motion.

2       13.    In exchange for the forgoing, this Stipulation shall constitute a ballot voting in

3   favor of the Debtors' Chapter 11 plan of reorganization for the Claim and will cast its vote as a

4   secured creditor to accept the Chapter 11 Plan.

5       14.    The Parties request the Court approve the Stipulation.

6

7   Dated: December 19, 2016        **LAW OFFICES OF TORY M. PANKOPF**

8

9           /s/Tory M. Pankopf
        TORY M. PANKOPF

10          Attorney for Debtors

11

12  Dated: December 16 , 2016        **ALDRIDGE PITE, LLP**

13

14          /s/Jonathan C. Cahill
        JONATHAN C. CAHILL

15          Attorneys for Wells Fargo Bank, N.A.

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER CHAPTER 11
PLAN OF REORGANIZATION**